# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.G.-1 and D.G.**

**No. 22-689** (Cabell County 21-JA-82 and 21-JA-83)

## MEMORANDUM DECISION

Petitioner Mother K.G.-2[1] appeals the Circuit Court of Cabell County's July 21, 2022, order terminating her parental rights to K.G.-1 and D.G.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2021, the DHHR filed an abuse and neglect petition alleging that petitioner had a history of substance abuse that impaired her ability to properly parent the children. According to the DHHR, petitioner and her boyfriend were abusing methamphetamine intravenously in the home, which resulted in the children receiving insufficient food and other parenting deficiencies. The petition also alleged that petitioner and her boyfriend had an "extensive history of domestic violence, substance abuse, theft and other various crimes." According to the DHHR, petitioner had recently been released from jail after her arrest for driving under the influence ("DUI") with a minor in the vehicle. Finally, the petition alleged that Child Protective Services ("CPS") previously removed the children from the parents in 2018 because of substance abuse issues, but the children were ultimately returned to the parents' custody.

The following month, petitioner stipulated to a drug addiction that seriously impaired her ability to care for the children. Petitioner admitted to having first abused heroin ten years prior, but maintained that she had been sober for several years before she started using again in April 2021. However, as she explained at an earlier hearing, petitioner blamed her boyfriend for having reintroduced her to drug use and claimed that his actions resulted in criminal charges against her.

---

[1]Petitioner appears by counsel Kerry A. Nessel. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Robert E. Wilkinson appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and petitioner share the same initials, we will refer to them as K.G.-1 and K.G.-2, respectively.

According to petitioner, she planned to leave her boyfriend and enter substance abuse treatment. The court accepted petitioner's stipulation and adjudicated her of neglecting the children.

Over the course of the proceedings, the court informed petitioner that she was required to complete a long-term residential drug treatment program to address her chronic drug addiction. Despite this, petitioner was again arrested for DUI on July 28, 2021. As a result of that arrest, petitioner completed a twenty-eight-day detoxification program. As of a hearing in September 2021, petitioner was on a waiting list for a long-term treatment program, and the court granted her a post-adjudicatory improvement period that required her to submit to weekly drug screens at all times that she was not enrolled in a long-term residential substance abuse treatment program. However, at a hearing in November 2021, the guardian moved to terminate petitioner's improvement period. The record shows that petitioner relapsed in her substance abuse, although she had entered another short-term detoxification program. Shortly thereafter, the court permitted the improvement period to continue while petitioner was on a waiting list for another residential treatment program, although it noted that her compliance at that time was "barely moderate."

By January 2022, petitioner had entered a ninety-day drug treatment program, and the court found that she was substantially compliant with her improvement period. The court then granted petitioner an extension of the improvement period in March 2022. The guardian, however, expressed concerns that the program did not meet the requirements of a long-term residential program, so the court ordered weekly random drug screens in addition to those that petitioner submitted to for her treatment program.

In May 2022, the guardian moved to terminate petitioner's improvement period and parental rights based on the content of several recorded calls between petitioner and her boyfriend, then an inmate at the McDowell County Correctional Center. However, the court noted that confusion about contact with the boyfriend arose because there had never been an explicit order against such contact. As a result, the court entered a no-contact order explicitly directing that petitioner "shall have no contact with [the boyfriend], including but not limited to letters, telephone calls[,] or any message through a third party. This means absolutely zero contact. Any contact will lead to the court to consider granting the guardian ad litem's motion to terminate [petitioner's] parental rights."

At a hearing in June 2022, both the DHHR and the guardian moved to terminate petitioner's improvement period and parental rights, given her continued contact with the boyfriend and the fact that her improvement period had progressed for nine months without resolution of the issues. At the final dispositional hearing in July 2022, petitioner admitted that she violated the court's no contact order. Petitioner asserted that her boyfriend and his family were her "only support system" and that she had been engaged to marry him for several months. Petitioner then requested a post-dispositional improvement period with a case plan that included the boyfriend. Based on this evidence, the court found that it was not realistic to believe that petitioner would end her relationship with the boyfriend. Accordingly, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare.

Accordingly, the court terminated petitioner's parental rights to the children.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises only one assignment of error in which she argues that it was error to terminate her parental rights to the children. According to petitioner, she substantially complied with the terms of her improvement period and, in fact, corrected the conditions of abuse and neglect. It is unnecessary to address petitioner's specific arguments, however, because she entirely ignores her willful refusal to comply with the court's order barring her from contacting her boyfriend, which demonstrates that she was, in fact, not compliant.

Despite her repeatedly blaming the boyfriend for the issues giving rise to the proceedings, petitioner refused to follow the court's explicit orders prohibiting her from having contact with him. In fact, petitioner initially indicated that she would end the relationship, only to later reveal that she had been engaged to the boyfriend for several months. Simply put, petitioner's refusal to follow the court's orders against continued contact with the boyfriend demonstrated her inability to correct the conditions of abuse and neglect at issue. While it is true that petitioner established some compliance with services during the proceedings, we have explained that "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (citation omitted). Here, petitioner chose to continue her relationship with her boyfriend, an individual who she blamed for her substance abuse and criminal charges, instead of remedying the issues of abuse and neglect in order to regain custody of her children. Because the court made the necessary findings upon ample evidence to terminate petitioner's rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 21, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

---

[3]The children's father previously relinquished his parental rights. The permanency plan for the children is adoption in the current placement.

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn